DR. ROBERT WATSON AND LAURIE WATSON, PLAINTIFFS v. GRAF BAE FARM, INC., DEFENDANT

No. 8926DC878

(Filed 19 June 1990)

**Process § 14.3 (NCI3d) — nonresident corporation — sale of horse in North Carolina — contacts sufficient for in personam jurisdiction**

The quantity and quality of defendant nonresident corporation's contacts with this state were sufficient to support the exercise of in personam jurisdiction where plaintiffs first became aware of the sale of show horses by defendant through a magazine advertisement in a nationally distributed magazine which was sold in North Carolina; a condition of the sale from the very beginning of the transaction was that plaintiffs have the horse examined in North Carolina by a veterinarian to determine if the horse was suitable for plaintiffs' intended purposes; the final act of the contract, the veterinarian's pre-purchase exam, took place in North Carolina; the veterinarian did not approve the horse; and the horse was delivered by defendant to North Carolina as part of the contract.

Am Jur 2d, Foreign Corporations §§ 324, 325, 329, 332, 333, 355, 356.

APPEAL by defendant from judgment entered 19 May 1989 by *Judge Daphene L. Cantrell* in MECKLENBURG County District Court. Heard in the Court of Appeals 6 March 1990.

Defendant, of Aiken, South Carolina, advertised in a national publication that it offered certain Hanovarian horses for sale. Plaintiff Laurie Watson received the publication at her North Carolina residence. Several days later after calling, plaintiff drove to Aiken, discussed the potential sale with defendant, and after returning to North Carolina, telephoned defendant again and mailed defendant a deposit for the purchase of a horse. Plaintiffs went to Aiken and paid by check the balance of the purchase price. The parties agreed that the horse would undergo a "pre-purchase exam" by plaintiffs' veterinarian in North Carolina. Plaintiffs were later informed that the check would not be accepted by the South Carolina bank, so they made a wire transfer of the balance purchase price from North Carolina. The horse and bill of sale were delivered

**WATSON v. GRAF BAE FARM**

[99 N.C. App. 210 (1990)]

by defendant to plaintiffs in North Carolina. The plaintiffs' veterinarian rejected the horse for the intended uses by plaintiffs. Defendant refused to accept the return of the horse. Plaintiffs filed a civil suit and defendant corporation filed a motion to dismiss for lack of jurisdiction. That motion was denied. The trial court ruled in favor of plaintiffs at a trial on all the issues. Defendant appeals.

*Knox, Knox & Freeman, by H. Edward Knox, Allen C. Brotherton, and Bobby L. Bollinger, Jr., for plaintiffs-appellees.*

*Law Offices of Chandler & deBrun, by W. James Chandler, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals this case solely on the issue of whether there were sufficient minimum contacts to support *in personam* jurisdiction. The existence of minimum contacts is a question of fact and is controlled by the definition of "minimum contacts" found in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945).

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." . . . "Presence" in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given.

*Id.* at 316-17, 90 L.Ed. at 102. (Citations omitted.)

The North Carolina "long-arm statute" which controls in this case is N.C.G.S. § 1-75.4.

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action . . . under any of the following circumstances:
>
> . . .

(5) Local Services, Goods or Contracts.—In any action which:

. . .

> c. Arises out of a promise, made anywhere to the plaintiff
> . . . by the defendant to deliver or receive within this
> State goods . . . or other things of value. . . .

It is clear both from the wording of this statute and applicable case law that the provisions of this statute are to be liberally construed in favor of finding personal jurisdiction, consistent with due process limitations.

The criteria for determining whether minimum contacts are present include: (1) the quantity of the contacts, (2) the nature and quality of the contacts, (3) the source and connection of the cause of action with those contacts, (4) the interest of the forum state, and (5) convenience to the parties. *Phoenix American Corp. v. Brissey*, 46 N.C. App. 527, 530-31, 265 S.E.2d 476, 479 (1980), *quoting Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965). This Court recently decided, in a case similar in several respects to the case at bar, that the defendant had made sufficient minimum contacts with the State of North Carolina to satisfy due process. *New Bern Pool & Supply Co. v. Graubart*, 94 N.C. App. 619, 381 S.E.2d 156 (1989), *aff'd*, 326 N.C. 480, 390 S.E.2d 137 (1990). An examination of the facts in the case at bar in light of the factors cited above leads to the conclusion that defendant corporation made sufficient minimum contacts with this state sufficient to support *in personam* jurisdiction.

This cause of action arose directly from defendant's refusal to allow the return of the horse and refunding the money. When "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities," then minimum contacts are more likely to be found. *Brickman v. Codella*, 83 N.C. App. 377, 384, 350 S.E.2d 164, 166 (1986), *quoting Burger King v. Rudzewicz*, 471 U.S. 462, 472, 85 L.Ed.2d 528, 541 (1985).

Defendant's contacts with North Carolina which subject it to *in personam* jurisdiction are as follows:

(1) Plaintiffs first became aware of the sale of show horses by defendant through a magazine advertisement in a nationally

distributed magazine which was sold in North Carolina. *See Keeton v. Hustler Magazine*, 465 U.S. 770, 79 L.Ed.2d 790 (1984).

(2) A condition of the sale was that plaintiffs have the horse examined in North Carolina by a veterinarian to determine if the horse is suitable for plaintiffs' intended purposes. This pre-purchase examination of the horse was contemplated by the parties from the very beginning of the transaction.

(3) The final act of the contract, the veterinarian's pre-purchase examination of the horse, took place in North Carolina. The contract was contingent upon this final act. However, the veterinarian did not approve the horse for plaintiffs' intended purposes, so the condition was not fulfilled. *See* N.C.G.S. §§ 25-2-601, 25-2-602.

(4) The horse was delivered to North Carolina as part of the contract.

We hereby affirm the judgment of the trial court.

Affirmed.

Judges WELLS and COZORT concur.