MONY CREDIT CORPORATION v. ULTRA-FUNDING CORPORATION

No. 9026SC203

(Filed 20 November 1990)

1. **Process § 14 (NCI3d)— New York corporation—long-arm jurisdiction**

   North Carolina's long-arm statute conferred jurisdiction over defendant New York corporation in that the lease assignment in question required defendant to perform some of its obligations in North Carolina. N.C.G.S. § 55-145(a)(1) (1982).

   **Am Jur 2d, Process §§ 175, 178.**

2. **Process § 14.2 (NCI3d)— New York corporation—minimum contacts — sufficient**

   Due process requirements for minimum contacts were satisfied where defendant New York corporation purposely directed its contacts with North Carolina by entering into a contract with a North Carolina resident and availing itself of the privilege of doing business here. When the cause of action arises directly from the foreign defendant's contacts with the state, the threshold for sufficiency of defendant's contacts with North Carolina is lowered.

   **Am Jur 2d, Process §§ 185, 186, 190.**

   **Construction and application of state statutes or rules of court predicating in personam jurisdiction over nonresidents**

**MONY CREDIT CORP. v. ULTRA-FUNDING CORP.**

[100 N.C. App. 646 (1990)]

or foreign corporations on making or performing contract within the state. 23 ALR3d 551.

APPEAL by defendant from order denying motion to dismiss entered 3 December 1989 in MECKLENBURG County Superior Court by *Judge Chase B. Saunders*. Heard in the Court of Appeals 20 September 1990.

Plaintiff, a New York corporation, having its principal office and place of business in Teaneck, New Jersey, filed this action in Mecklenburg County, North Carolina, against defendant, a New York corporation, having its principal office and place of business in Hicksville, New York. In its complaint, plaintiff alleges that defendant breached an assignment of lease and seeks repurchase of the lease under the terms of the assignment.

From the evidence presented, it appears that on 4 December 1986 defendant leased certain chiropractic equipment to Cobb Chiropractic Clinic of Greensboro, North Carolina. On the same day, defendant executed an assignment under which defendant assigned all right, title and interest in the lease to plaintiff and granted plaintiff a first priority security interest in the equipment. Defendant signed and recorded a UCC financing statement in North Carolina referring to the lease and showing plaintiff as assignee of defendant (lessor). The equipment served as collateral both for the assignment and for the lease. Cobb defaulted on his payments under the lease and filed for bankruptcy.

Plaintiff alleges in its complaint that defendant misrepresented in the assignment that the equipment was new and in good condition and that Cobb had held no interest in the equipment prior to the lease. Plaintiff however alleges that when Cobb and defendant entered into this lease, the equipment was in poor condition; that Cobb had previously owned the equipment; and that the lease and assignment were a sham to induce plaintiff to assume the lease at an inflated price. Plaintiff contends that under the terms of the assignment defendant is obligated to repurchase the lease from plaintiff for the outstanding balance owed under the lease due to these misrepresentations.

Defendant filed a motion to dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure for lack of jurisdiction over the defendant. The trial court denied defendant's motion. Defendant appeals.

**MONY CREDIT CORP. v. ULTRA-FUNDING CORP.**

[100 N.C. App. 646 (1990)]

*Moore & Van Allen, by David L. Eades, for plaintiff-appellee.*

*Subsequent to the filing of defendant-appellant's brief in this Court, defendant-appellant's counsel of record, Hugh G. Casey, Jr., was allowed to withdraw as counsel.*

WELLS, Judge.

North Carolina has adopted a two-part test to determine whether a court may exercise *in personam* jurisdiction over a nonresident defendant. First, the court must determine whether the North Carolina "long arm" statute, N.C. Gen. Stat. § 1-75.1 *et seq.*, confers jurisdiction over defendant. Second, the court must determine whether the exercise of personal jurisdiction violates defendant's right to due process. *Tom Togs, Inc. v. Ben Elias Industries Corp.,* 318 N.C. 361, 348 S.E.2d 782 (1986).

In its two assignments of error, defendant contends the trial court erred in denying defendant's motion to dismiss because North Carolina's "long arm" statute does not confer jurisdiction and the court's exercise of jurisdiction in this case violates defendant's due process.

[1] Regarding defendant's first assignment of error that North Carolina's "long arm" statute does not confer jurisdiction over defendant, plaintiff contends that North Carolina's "long arm" statute confers personal jurisdiction over defendant in various provisions. We need to examine only one provision. The statute confers personal jurisdiction whenever any special jurisdiction statute applies:

(2) Special Jurisdiction Statutes — In any action which may be brought under statutes of this State that specifically confer grounds for personal jurisdiction.

N.C. Gen. Stat. § 1-75.4(2). A special jurisdiction statute is applicable to this case and confers jurisdiction over a foreign corporation for any claim arising out of a contract to be performed in North Carolina. N.C. Gen. Stat. § 55-145 (1982) states in part:

(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(1) Out of any contract made in this State or to be per-
formed in this State. . . .

N.C. Gen. Stat. § 55-145(a)(1) (1982). The lease assignment required
defendant to perform at least some of its obligations in North
Carolina. The assignment required defendant to deliver the chiroprac-
tic equipment in good condition to lessee Cobb in Greensboro, North
Carolina. The assignment also required defendant to deliver a securi-
ty interest in the equipment to plaintiff. To do this defendant
needed to file a financing statement in North Carolina reflecting
the assignment to plaintiff. These facts plus the legislative intent
to liberally construe the North Carolina "long arm" statute to the
limits of due process convince us that the "long arm" statute con-
fers personal jurisdiction in this case. *See Dillon v. Funding Corp.,*
291 N.C. 674, 231 S.E.2d 629 (1977).

[2] Defendant also contends that the court's exercise of jurisdic-
tion in this case would violate defendant's due process rights. The
North Carolina Supreme Court in *Tom Togs* has summarized the
due process requirements as stated by the United States Supreme
Court:

> To satisfy the requirements of the due process clause, there
> must exist "certain minimum contacts [between the non-resident
> defendant and the forum] such that the maintenance of the
> suit does not offend 'traditional notions of fair play and substan-
> tial justice.'" *International Shoe Co. v. Washington,* 326 U.S.
> 310, 316, 90 L.Ed. 95, 102 (1945) (*quoting* from *Milliken v.
> Meyer,* 311 U.S. 457, 463, 85 L.Ed. 278, 283 (1940)). In each
> case, there must be some act by which the defendant pur-
> posefully avails himself of the privilege of conducting activities
> within the forum state, thus invoking the benefits and protec-
> tion of its laws; . . . *Hanson v. Denckla,* 357 U.S. 235, 253,
> 2 L.Ed. 2d 1283, 1298 (1958). This relationship between the
> defendant and the forum must be "such that he should
> reasonably anticipate being haled into court there." *World-
> Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62
> L.Ed. 2d 490, 501 (1980).

*Tom Togs, Inc., supra.* The court in *Tom Togs* went on to state
that the United States Supreme Court has distinguished, for due
process purposes, those causes of action arising out of defendant's
contact with the forum state:

MONY CREDIT CORP. v. ULTRA-FUNDING CORP.

[100 N.C. App. 646 (1990)]

> Where the controversy arises out of the defendant's contacts with the forum state, the state is said to be exercising "specific" jurisdiction. In this situation, the relationship among the defendant, the forum state, and the cause of action is the essential foundation for the exercise of *in personam* jurisdiction. . . . *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414, 80 L.Ed. 2d 404, 411 (1984). The Supreme Court has also said that for purposes of asserting "specific" jurisdiction, a defendant has "fair warning" that he may be sued in a state for injuries arising from activities that he "purposefully directed" toward that state's residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 85 L.Ed. 2d 528, 540-41 (1985).

When the cause of action arises directly from the foreign defendant's contacts with the state, the threshold for sufficiency of defendant's contacts with North Carolina is lowered. *See Ash v. Burnham Corp.*, 80 N.C. App. 459, 343 S.E.2d 2 (1986). Defendant's contacts with the State of North Carolina include the contract entered into with Cobb. Plaintiff's claim is directly related to defendant's contacts with the State. Plaintiff alleges that the contract entered into between defendant and Cobb was a sham and that the assignment was part of defendant's attempt to defraud plaintiff. Plaintiff alleges that the equipment was not delivered to Cobb in good condition and Cobb had previously owned the equipment and that the lease and assignment together were a scheme to induce plaintiff to assume the lease at an inflated price. The contract and the assignment are both part of the same transaction. Under the assignment, defendant transferred all right, title and interest in the lease to plaintiff, including the right to receive rental payments from Cobb in North Carolina. Defendant also granted plaintiff a first priority security interest in the equipment. The lease required that the equipment remain in North Carolina and that Cobb pay all local taxes on the leased equipment.

Defendant purposely directed its contacts with North Carolina by entering into the contract with Cobb and availing itself of the privilege of doing business there. Because plaintiff's claim arises directly from defendant's contacts with North Carolina, it does not offend traditional notions of fair play and substantial justice to have defendant haled into court here.

No error.

Judges COZORT and LEWIS concur.