BULLARD v. USAIR, INC.

[114 N.C. App. 791 (1994)]

NORMAN D. BULLARD AND TINA R. STANCILL v. USAIR, INC. AND TOM TOTH

No. 935DC938

(Filed 17 May 1994)

**Courts § 15.3 (NCI4th)— defamatory statements made in Florida— insufficient contacts for personal jurisdiction**

Defendant Florida resident had insufficient minimum contacts with North Carolina for the courts of this state to exercise personal jurisdiction over him in an action to recover for defamatory statements allegedly made by defendant about plaintiffs in a Tampa, Florida airport where defendant is a gate agent employed by USAir at the airport; he has never lived in North Carolina and owns no property in this state; he has been in North Carolina only occasionally during the past ten years; and he does not expect to be in this state at any time in the foreseeable future. Jurisdiction may not be established by showing that defendant knew or should have known that he was dealing with residents of the forum state and purposefully directed his conduct toward residents of that state, since defendant must have sufficient contacts with the forum state itself.

**Am Jur 2d, Courts §§ 118, 119; Process §§ 190, 191.**

**Comment Note.—"Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of International Shoe Co. v. Washington) for state court's assertion of jurisdiction over nonresident defendant. 62 L. Ed. 2d 853.**

**Propriety, under due process clause of Fourteenth Amendment, of forum state's assertion or exercise of jurisdiction over nonresident defendant in defamation action. 79 L. Ed. 2d 992.**

Appeal by defendant Tom Toth from order entered 21 July 1993 by Judge W. Allen Cobb, Jr. in New Hanover County District Court. Heard in the Court of Appeals 10 May 1994.

BULLARD v. USAIR, INC.

[114 N.C. App. 791 (1994)]

*Plaintiff-appellee Norman D. Bullard, pro se, and Bruce A. Mason for plaintiff-appellee Tina R. Stancill.*

*Bell, Davis & Pitt, by Stephen M. Russell and Alan M. Ruley, for defendant-appellant Tom Toth.*

WYNN, Judge.

Plaintiffs-appellees Norman D. Bullard and Tina R. Stancill are citizens and residents of North Carolina who were scheduled to fly from Wilmington, North Carolina to Key West, Florida, via USAir on 9 July 1992, with connecting flights in Charlotte, North Carolina and Tampa, Florida. Plaintiffs filed suit against USAir, Inc. and its employee, gate agent Tom Toth, on 1 April 1993, alleging that Toth made untrue and defamatory statements about them in the presence of others in the Tampa, Florida airport.

On 23 June 1993, Toth filed an affidavit and motion to dismiss the action against him pursuant to N.C. R. Civ. P. Rule 12(b)(2) and N.C. Gen. Stat. § 1-75.4 on the ground that the court lacks personal jurisdiction over him. On 21 July 1993, Judge W. Allen Cobb, Jr. of the New Hanover District Court entered a written order denying the motion. Defendant-appellant Toth appeals from this order.

The question before us is whether the district court had personal jurisdiction over Tom Toth.

Although Judge Cobb's order was not final as to the merits of the case, this appeal is properly before us pursuant to N. C. Gen. Stat. § 1-277(b) (1983), which provides, "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant."

Tom Toth is a citizen and resident of the state of Florida. He is employed as a gate agent for USAir at Tampa International Airport in Tampa, Florida. He has never lived in the state of North Carolina, nor does he own any property in North Carolina. In the past ten years he has been in the state of North Carolina only occasionally: He attended a two-day USAir training program in Charlotte in July of 1989 and has traveled through the state while on trips. He does not expect to be in the state at any time in the foreseeable future.

BULLARD v. USAIR, INC.

[114 N.C. App. 791 (1994)]

In order for a court of North Carolina to exercise personal jurisdiction over an out-of-state defendant, there must be a statutory basis for personal jurisdiction, and an exercise of jurisdiction must not violate the defendant's due process rights. *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 348 S.E.2d 782 (1986); *Tutterrow v. Leach*, 107 N.C. App. 703, 421 S.E.2d 816 (1992), *appeal dismissed*, 333 N.C. 466, 428 S.E.2d 185 (1993).

When personal jurisdiction is challenged, the burden of proof is on the plaintiff to show by a preponderance of the evidence that these jurisdictional requirements have been satisfied. *J. M. Thompson Co. v. Doral Mfg. Co., Inc.*, 72 N.C. App. 419, 324 S.E.2d 909, *disc. rev. denied*, 313 N.C. 602, 330 S.E.2d 611 (1985).

Plaintiffs allege a statutory basis for personal jurisdiction in the state's long-arm statute, N.C. Gen. Stat. § 1-75.4 (1983), which provides:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person . . . under any of the following circumstances:

> (1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party . . .

> d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

Our courts have held that this provision extends personal jurisdiction over nonresident defendants to the full extent allowed by due process. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E.2d 629 (1977); *Parris v. Garner Commercial Disposal, Inc.*, 40 N.C. App. 282, 253 S.E.2d 29, *disc. rev. denied*, 297 N.C. 455, 256 S.E.2d 808 (1979).

To satisfy due process, there must exist "certain minimum contacts [between the nonresident defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940), *reh'g denied*, 312 U.S. 712, 85 L. Ed. 1143 (1941). The plaintiff

should be able to show some act by which the defendant invoked the benefits and protection of the laws of the forum state. *Farmer v. Ferris*, 260 N.C. 619, 133 S.E.2d 492 (1963). The relationship between the defendant and the forum must be "such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980).

Although defendant Toth had no personal dealings with the forum state, plaintiffs argue that jurisdiction can be established under *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528 (1985). Plaintiffs rely on the following passage from *Burger King*:

> So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

471 U.S. 462, 476, 85 L. Ed. 2d 528, 543.

Plaintiffs read this passage to mean that jurisdiction can be established where defendant directed his conduct toward individuals who were residents of the forum state, even where those individuals had no connection to the forum at the time of the conduct. Because defendant knew or should have known that he was dealing and conversing with North Carolina residents, plaintiffs argue, his efforts were "purposefully directed toward residents of another state." However, the constitutional requirement is not that defendants have contact with residents of the forum state; it is that they have contact with the forum state itself. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490 (1980); *Sola Basic Indus., Inc. v. Parke County Rural Elec. Membership Corp.*, 70 N.C. App. 737, 321 S.E.2d 28 (1984). Contact with a state's residents is important only insofar as it shows contact with the forum state. In *Burger King*, the Supreme Court found personal jurisdiction where plaintiff franchisor sued its Michigan franchisee in Florida, plaintiff's corporate headquarters. Jurisdiction arose not because plaintiff was a Florida citizen but because defendant had had contact with Florida through his dealings with plaintiff, which was located in Florida. *See also Ciba-Geigy Corp. v. Barnett*, 76 N.C. App. 605, 334 S.E.2d 91 (1985) (North Carolina had jurisdiction when a North Carolina-based company sued its out-of-state employee in North Carolina). In contrast, Toth interacted with North Carolina

residents while they were not in North Carolina. This encounter did not establish any contacts with the state of North Carolina.

Because the record lacks evidence that defendant had the minimum contacts necessary to constitute substantial activity in North Carolina and satisfy due process, we find no basis for personal jurisdiction over defendant in North Carolina.

We reverse the trial court's order and remand for dismissal as to defendant Tom Toth.

Reversed and remanded.

Judges EAGLES and LEWIS concur.