A.R. HAIRE, INC., Plaintiff v. THOMAS J. ST. DENIS, and PANTERRA ENGINEERED PLASTICS, INC., Defendants

No. COA05-727

(Filed 21 February 2006)

**1. Appeal and Error— appealability—denial of motion to dismiss—personal jurisdiction—substantial right**

Motions to dismiss for lack of personal jurisdiction affect a substantial right and are immediately appealable, as here.

**2. Appeal and Error— findings neither requested nor made—presumed—record reviewed for supporting evidence**

Where there was neither a request for findings nor findings, the Court of Appeals reviewed the record for competent evidence supporting presumed findings which in turn supported the ruling that defendants were subject to personal jurisdiction.

**3. Jurisdiction— personal—minimum contacts—not sufficient**

A finding of in personam jurisdiction violated defendants' due process rights where defendants' contacts with the state consisted of telephone calls and a few proposed contracts, although no contract was ever entered into. Defendants performed no act to purposefully avail themselves of the privilege of conducting activities within North Carolina.

Appeal by Defendants from order entered 15 March 2005 by Judge L. Todd Burke in Superior Court, Guilford County. Heard in the Court of Appeals 10 January 2006.

*Womble Carlyle Sandridge & Rice, PLLC, by Charles A. Burke, Robert D. Mason, Jr., and Alison R. Bost, for plaintiff-appellee.*

*Kilpatrick Stockton LLP, by Richard J. Keshian and William M. Bryner, for defendant-appellants.*

WYNN, Judge.

To establish in personam jurisdiction over non-resident defendants, there must be "certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citations omitted). Plaintiff argues that

Defendants' telephone calls, negotiations, and document exchange of a proposed contract are sufficient to establish the required "minimum contacts" required by due process. As we find the quantity and quality of Defendants' contacts with North Carolina were insufficient to support the necessary due process requirements, we reverse the trial court's denial of Defendants' motion to dismiss for lack of personal jurisdiction.

Innovative Materials and Technologies, Inc. ("IM&T"), a corporation headquartered in North Carolina, produced plastic materials for the construction of a variety of products under two operating divisions—Millennium/AR Haire located in Thomasville, North Carolina, and PEP Division located in Danbury, Connecticut. The company was forced into an involuntary bankruptcy, and an auction of its assets was scheduled to take place in July 2004.

Before the auction, A. Ralph Haire, president and chief executive officer of IM&T, established A.R. Haire, Inc. in North Carolina. The officers of the new company included Haire as chief executive officer and chairman of the board of the new company, Lawrence Lansford as president and Darryl Heffline as vice president.

In March 2004, the three officers of A.R. Haire, Inc. were introduced to Defendant Thomas St. Denis, a resident of Connecticut and president and secretary of Defendant Panterra Engineered Plastics, Inc., a Delaware corporation with its principal place of business in Connecticut. The three officers also met Mark Austin who represented that he was St. Denis's business partner.

St. Denis, Haire, and Lansford communicated numerous times, primarily by telephone, from March to June 2004, regarding a joint venture or business opportunities. The primary goal of the proposed joint venture was for A.R. Haire, Inc. and St. Denis to purchase all the assets of IM&T at the bankruptcy auction and split the assets. On three separate occasions, St. Denis, Haire, and Lansford met in person in Connecticut. On 30 April 2004, Haire sent St. Denis a joint venture agreement; however, the agreement was never signed and negotiations continued.

At the time of the auction on 8 July 2004, there was no joint venture agreement and no agreement to bid cooperatively. At the auction, A.R. Haire, Inc. purchased several Core formers and associated equipment, including aluminum platens that were needed to operate the Core formers. Saugatuck Land Trust Company (Defendant

Panterra's predecessor-in-interest) purchased the intellectual property assets of IM&T.

On 12 July 2004, St. Denis informed A.R. Haire, Inc. through a conference call with its principals that its operation of the Core formers could potentially infringe Saugatuck's newly acquired patents. St. Denis suggested a license agreement between A.R. Haire, Inc. and Saugatuck. Discussions continued in another conference call between the parties on 14 July 2004. On 15 July 2004, representatives for St. Denis and A.R. Haire, Inc. began exchanging written proposals for a licensing agreement. On 20 July 2004, Saugatuck and St. Denis's attorney, Stephen Geissler, sent a letter to A.R. Haire, Inc. addressing infringement of intellectual property rights, threatened legal action, and questioned the employment by A.R. Haire, Inc. of Ralph Eighmie and Luis Soto, former employees of IM&T.

On 30 July 2004, A.R. Haire, Inc. brought an action in Superior Court, Guilford County seeking a declaratory judgment that it could lawfully operate the equipment purchased at the bankruptcy auction and could lawfully employ Soto and Eighmie. The action also sought damages for trespass to chattels, tortious interference with contract, and unfair or deceptive acts and practices. On 22 October 2004, Defendants filed a Motion to Dismiss the Complaint on the grounds of lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. On 4 February 2005, A.R. Haire, Inc. filed a Motion for Leave to File a Second Amended Complaint to reflect A.R. Haire, Inc.'s name change to Transportation System Solutions, LLC. By order entered 15 March 2005, the trial court granted A.R. Haire, Inc.'s motion to amend the Complaint and denied Defendants' Motion to Dismiss. From that order, Defendants appeal the trial court's denial of their Motion to Dismiss for lack of personal jurisdiction.

---

[1] Although this appeal is interlocutory, we note that it affects a substantial right which is one of the exceptions to the rule barring an immediate appeal from an interlocutory order.[1] Indeed, motions to dismiss for lack of personal jurisdiction affect a substantial right and

---

1. An appeal is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to immediate appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

are immediately appealable. N.C. Gen. Stat. § 1-277(b) (2005) ("Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]"); *Retail Investors, Inc. v. Henzlik Inv. Co.*, 113 N.C. App. 549, 552, 439 S.E.2d 196, 198 (1994) (holding that immediate right to appeal lies from denial of motion to dismiss for lack of personal jurisdiction). Accordingly, this appeal affects a substantial right and is immediately appealable.

[2] On appeal, Defendants argue that the trial court erred in denying their Motion to Dismiss for lack of personal jurisdiction because (1) there is no statutory authority for personal jurisdiction and (2) an exercise of personal jurisdiction violates due process of the law.

"The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. Midwesterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999) (citing *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 462 S.E.2d 832 (1995)). Here, the trial court did not make findings of fact in its order. However, absent a request by the parties, which does not appear in the record, the trial court is not required to find the facts upon which its ruling is based. N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2005). " 'In such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment.' " *City of Salisbury v. Kirk Realty Co., Inc.*, 48 N.C. App. 427, 429, 268 S.E.2d 873, 875 (1980) (quoting *Haiduven v. Cooper*, 23 N.C. App. 67, 69, 208 S.E.2d 223, 225 (1974)). Therefore, we must review the record to determine whether it contains competent evidence to support the trial court's presumed

There are two instances where a party may appeal interlocutory orders: (1) when there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, and (2) if delaying the appeal would prejudice a substantial right. *See Liggett Group Inc. v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). Here, the trial court made no such certification. Thus, Defendants are limited to the second route of appeal, namely where "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). In such cases, we may review the appeal under sections 1-277(a) and 7A-27(d)(1) of the North Carolina General Statutes. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2005). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party." *Flitt*, 149 N.C. App. at 477, 561 S.E.2d at 513. "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002).

findings to support its ruling that Defendants were subject to personal jurisdiction in the courts of this state. *See Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18 (2000).

A two-step analysis applies when determining whether a court may exercise in personam jurisdiction over a non-resident defendant. First, is there statutory authority that confers jurisdiction on the court? *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977). This is determined by looking at North Carolina's "long arm" statute, section 1-75.4 of the North Carolina General Statutes. *Id.* at 675-76, 231 S.E.2d at 630. Second, if statutory authority confers in personam jurisdiction over the defendant, does the exercise of in personam jurisdiction violate the defendant's due process rights? *Id.* at 675, 231 S.E.2d at 630.

[3] A.R. Haire, Inc. alleges personal jurisdiction over Defendants under North Carolina's long-arm statute under section 1-75.4 of the North Carolina General Statutes. As the trial court did not specify which part of section 1-75.4 under which it found personal jurisdiction, we will examine the relevant portion set out as follows:

(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

\*\*\*

d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

N.C. Gen. Stat. § 1-75.4(1)(d) (2005).

In *Dillon*, 291 N.C. at 676, 231 S.E.2d at 630-31, our Supreme Court stated that "G.S. 1-75.4(1)(d) . . . grants the courts of North Carolina the opportunity to exercise jurisdiction over defendant to the extent allowed by due process." When evaluating the existence of personal jurisdiction under section 1-75.4(1)(d), "the question of statutory authority collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process." *Sherlock v. Sherlock*, 143 N.C. App. 300, 303, 545 S.E.2d 757, 760 (2001) (citation omitted).

To satisfy the requirements of the due process clause, there must exist "certain minimum contacts [between the non-resident defend-

ant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786 (citations omitted). There must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Dillon*, 291 N.C. at 679, 231 S.E.2d at 632 (citation omitted). In determining minimum contacts, the court looks at several factors, including: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with those contacts; (4) the interest of the forum state; and (5) the convenience to the parties. *Phoenix Am. Corp. v. Brissey*, 46 N.C. App. 527, 530-31, 265 S.E.2d 476, 479 (1980). These factors are not to be applied mechanically; rather, the court must weigh the factors and determine what is fair and reasonable to both parties. *Id.* at 531, 265 S.E.2d at 479 (citation omitted). No single factor controls; rather, all factors "must be weighed in light of fundamental fairness and the circumstances of the case." *B.F. Goodrich Co. v. Tire King of Greensboro, Inc.*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986).

We first look at the quantity and quality of the contacts. It is undisputed that from mid-March 2004 until the Complaint was filed on 30 July 2004, St. Denis communicated with Haire and Lansford (principals of A.R. Haire, Inc.) by telephone, e-mail, and fax. It is unclear who initiated the communication. In attachments to their affidavits, Haire and Lansford assert that during this period St. Denis called them a total of six times. Also, St. Denis participated in twelve other phone calls. There were also two faxes and two e-mails. The phone calls, e-mails, and faxes consisted of negotiations to enter into a joint venture. However, no joint venture was ever established, and no contracts were signed either by St. Dennis or Panterra.

We review these facts in light of those set forth in *Tutterrow v. Leach*, 107 N.C. App. 703, 709, 421 S.E.2d 816, 820 (1992), where the plaintiff solicited business with the nonresident defendant. A contract was created over the telephone and was later memorialized by a letter drafted by the plaintiff. *Id.* The only contacts between the parties other than telephone conversations consisted of a handful of letters. *Id.* This Court held that a "finding of *in personam* jurisdiction in the case at bar would clearly violate defendants' due process rights." *Id.*

Here, the only contacts are telephone calls and a few proposed contracts, one sent by Haire. Defendants never entered into a con-

**IN RE K.D.L.**

[176 N.C. App. 261 (2006)]

tract with A.R. Haire, Inc. either in or out of the State of North Carolina. Defendants performed no act which would purposefully avail themselves of the privilege of conducting activities within this State. *See Dillon*, 291 N.C. at 679, 231 S.E.2d at 632. Based on Defendants' relationship with Plaintiff in North Carolina, they could not "reasonably anticipate being haled into court" here. *Tom Togs, Inc.*, 318 N.C. at 365-66, 348 S.E.2d at 786 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980)).

Accordingly, the finding of in personam jurisdiction in this case violates Defendants' due process rights, as the contacts were insufficient to support the necessary due process requirements. *See Tutterrow*, 107 N.C. App. at 709, 421 S.E.2d at 820 (handful of telephone calls and letters were insufficient to support the necessary due process "minimum contacts" requirements); *Stallings v. Hahn*, 99 N.C. App. 213, 216, 392 S.E.2d 632, 633-34 (1990) (placement of an advertisement in a national magazine, a few telephone calls, and a check sent by the plaintiff to the defendant were insufficient to support the necessary due process "minimum contacts" requirements).

As we find that the quality and quantity of the contacts are insufficient to support the necessary due process requirements, the trial court erred in denying Defendants' motion to dismiss for lack of personal jurisdiction.

Reversed and remanded.

Judges HUNTER and JACKSON concur.