CAROLINA POLE, INC., Plaintiff
v.
FIRSTENERGY CORP., Defendant
No. COA08-829
Court of Appeals of North Carolina.
Filed June 2, 2009
This Case not for Publication.
Smith Moore Leatherwood, LLP, by Allison O. Van Laningham, L. Cooper Harrell, and Stephen M. Russell, Jr., for plaintiff-appellee/cross-appellant.
Crossley McIntosh Collier Hanley & Edes, PLLC, by Clay A. Collier and Justin K. Humphries, for defendant-appellant/cross-appellee.
CALABRIA, Judge.
FirstEnergy Corp. ("defendant"), appeals the trial court's order denying its motion to dismiss for lack of personal jurisdiction and improper venue. The trial court concluded that the court had personal jurisdiction over the defendant, and that venue was proper in Brunswick County Superior Court. We affirm the trial court.
Carolina Pole, Inc. ("plaintiff"), a South Carolina corporation, contracted with defendant, an Ohio corporation, for the purchase of wooden utility poles (the "poles"). Subsequently the defendant sent a proposed blanket purchase order (the "purchase order" or "contract") addressed to plaintiff in Leland, North Carolina. After plaintiff received the purchase order, plaintiff notified the defendant that the poles were available for defendant to pick up from a warehouse in Brunswick County, North Carolina. After delivery and acceptance, plaintiff requested that defendant provide a report to plaintiff indicating the number of poles taken. Upon receiving the report, plaintiff invoiced the defendant requesting payment for the poles removed. The defendant failed to pay the invoices in full when due.
In a complaint filed 17 September 2007, plaintiff claimed defendant contracted with plaintiff for the purchase of utility poles, and breached the contract by failing and refusing to pay $156,584.56 for poles removed from a warehouse in Brunswick County despite the demand for payment. The defendant filed a motion to dismiss pursuant to Rules 12(b)(1)(2)(3)(4) and (5) of the N.C.R. Civ. P. Specifically, the defendant claimed the court lacked jurisdiction and venue was improper based on a forum selection clause allegedly included in the contract.
On 18 March 2008, the trial court denied defendant's motion to dismiss. The trial court concluded that the court had personal jurisdiction over defendant, and that the forum selection clause was void as ambiguous. Defendant appeals.

I. Standard of Review
The "standard of review of an order determining jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." Tejal Vyas, LLC v. Carriage Park Ltd. P'ship, 166 N.C. App. 34, 37, 600 S.E.2d 881, 884 (2004) (internal citation and quotation omitted). "[A]bsent a request by the parties . . . the trial court is not required to find the facts upon which its ruling is based." Rossetto United States, Inc. v. Greensky Fin., LLC, ___ N.C. App. ___, ___, 662 S.E.2d 909, 912 (N.C. Ct. App. 2008). "In such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment." A.R. Haire, Inc. v. St. Denis, 176 N.C. App. 255, 258, 625 S.E.2d 894, 898 (2006) (internal quotation and citation omitted). "[W]e review the record to determine whether it contains competent evidence to support the trial court's presumed findings to support its ruling that Defendants were subject to personal jurisdiction in the courts of this state." Rossetto, ___ N.C. App. at ___, 662 S.E.2d at 912.

II. Jurisdiction
Defendant argues that North Carolina does not have personal jurisdiction over the defendant because the North Carolina long-arm statute does not apply. Without sufficient minimum contacts to North Carolina, the exercise of jurisdiction violates constitutional due process. We disagree. As an initial matter, we note that defendant argues on appeal that it is not a party to the contract. Defendant argues that the contract at issue was between plaintiff and First Energy Service Company, a separate legal entity. Defendant's argument against jurisdiction is based, in part, on this contention. However, defendant failed to make this argument to the trial court, and the motion to dismiss does not allege that defendant was not a party to the contract. Furthermore, the memorandum in support of defendant's motion to dismiss essentially conceded that defendant was a party to the contract. More importantly, in the second assignment of error to this Court, defendant identifies the contract as one between itself and plaintiff.
In determining whether a court has personal jurisdiction over a defendant, the court considers whether the long-arm statute, N.C. Gen. Stat. .. 1-75.4 (2007), permits the exercise of jurisdiction over the defendant, and whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment to the United States Constitution. Lang v. Lang, 157 N.C. App. 703, 707-08, 579 S.E.2d 919, 922 (2003).
The North Carolina long-arm statute states, in relevant part:
A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:
(1) Local Presence or Status.  In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party: . . .
d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.
. . .
(5) Local Services, Goods or Contracts.  In any action which:
. . .
c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value. . . .
N.C. Gen. Stat. . 1-75.4 (2007).
In the present case the activities of defendant would fall under N.C. Gen. Stat. . 1-75.4(5)c. To establish personal jurisdiction over non-resident defendants, there must be certain minimum contacts between the non-resident defendant and the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Lang, at 708, 579 S.E.2d at 922. "[T]here [must] be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Skinner v. Preferred Credit, 361 N.C. 114, 123, 638 S.E.2d 203, 210-11 (2006).
In determining minimum contacts, the court looks at several factors, including: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with those contacts; (4) the interest of the forum state; and (5) the convenience of the parties.
A.R. Haire, 176 N.C. App. at 260, 625 S.E.2d at 899. "No single factor controls, but all factors must be weighed in light of fundamental fairness and the circumstances of the case." Rossetto, ___ N.C. App. at ___, 662 S.E.2d at 913. "[T]he test of the place of a contract is as to the place at which the last act was done by either of the parties essential to a meeting of minds." Bundy v. Commercial Credit Co., 200 N.C. 511, 515, 157 S.E. 860, 862 (1931).
In the instant case, contracts between a South Carolina corporation and an Ohio corporation were sent from the defendant, to plaintiff's address in Leland, North Carolina for acceptance. Performance of the contracts took place predominately in North Carolina. The defendant used trucks to remove poles from a warehouse located in Brunswick County, North Carolina. Defendant's contacts in North Carolina are sufficient to satisfy the first three considerations of the minimum contacts test, as well as sections (1)d and (5)c of the North Carolina long-arm statute. N.C. Gen. Stat. . 1-75.4 (2007). Finally, North Carolina has a strong interest in ensuring that contracts entered into and performed in North Carolina are enforced.

III. Forum Selection Clause
The defendant next argues that, even if North Carolina has personal jurisdiction over the defendant, venue is improper since the contract designates Summit County, Ohio as the forum. We disagree.
Since the order appealed from is based upon contract interpretation, it presents a question of law reviewed de novo. Sears Roebuck & Co. v. Avery, 163 N.C. App. 207, 211, 593 S.E.2d 424, 428 (2004). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of thetrial court." Cater v. Barker, 172 N.C. App. 441, 444-45, 617 S.E.2d 113, 116 (2005) (internal quotations omitted).
While the defendant argued the contract designated Summit County, Ohio as the forum the plaintiff argued the forum selection clause was not part of the contract. The trial court refused to enforce the forum selection clause proposed by appellant, calling it vague and ambiguous, therefore implicitly finding that the forum selection clause was a part of the contract. The clause labeled "GOVERNING LAW" reads as follows:
Unless otherwise stated on the face of the Purchase Order, this Agreement is to be governed by and interpreted in accordance with the law of the State of Ohio. [...] Any legal suit, action, or proceeding to collect payment due hereunder from Purchaser, or otherwise arising out of or relating to this Agreement may be (and, if against Purchaser, must exclusively be) instituted in a State or Federal Court in the County of Summit, State of Ohio and Supplier waives any objection which it may have now or hereafter to the laying of the venue of any such suit, action, or proceeding and hereby irrevocably submits to the jurisdiction of any such court in any such suit, action or proceeding.
Stated more clearly, the clause first states that lawsuits to "collect payment due hereunder from Purchaser" may be instituted in Ohio. Immediately after, in parentheticals, and in the same sentence, the clause makes an exception for lawsuits "against Purchaser," where actions must exclusively be instituted in Ohio. The forum selection clause is permissive as to actions to collect payment from the purchaser, while at the same time, mandatory as to any action against the purchaser. The trial court held the forum selection clause was ambiguous. "An ambiguity exists where the terms of the contract are reasonably susceptible to either of the differing interpretations proffered by the parties." Kimbrell v. Roberts, 186 N.C. App. 68, 73, 650 S.E.2d 444, 447, disc. rev. denied, 362 N.C. 87, 655 S.E.2d 838 (2007). Furthermore, the existence of a dispute regarding the parties' intentions is "some indication that the language of the contract is, at best, ambiguous." Id. (quoting St. Paul Fire & Marine Ins. Co. v. Freeman-White Assoc., Inc., 322 N.C. 77, 83, 366 S.E.2d 480, 484 (1988). When construing ambiguous written instruments, "the court is to construe the ambiguity against the drafter  the party responsible for choosing the questionable language." Novacare Orthotics & Prosthetics E., Inc. v. Speelman, 137 N.C. App. 471, 476, 528 S.E.2d 918, 921 (2000).
In the case at bar, the clause is mandatory for the broad application "against Purchaser," yet at the same time permissive for the narrower application "to collect payment due hereunder from Purchaser." The clause clearly and illogically supports both parties' contentions; moreover, the mere existence of the parties' dispute further illustrates the ambiguity. The first phrase, stating actions may be instituted in Ohio, supports the appellee's argument that the clause is permissive and consequently that the present case may be instituted in North Carolina as opposed to Summit County, Ohio. The second phrase, stating actions must exclusively be instituted in Summit County, Ohio, supports the appellant's argument that this clause is mandatory and thus the sole venue for any action against the defendant is Summit County, Ohio.
We affirm the trial court's finding that the forum selection clause is ambiguous. To the extent the trial court found the forum selection clause unenforceable due to its ambiguity, the trial court erred. Rather than holding a forum selection clause unenforceable due to an ambiguity, this Court has consistently construed ambiguous contract terms against the drafter. Novacare, 137 N.C. App. at 476, 528 S.E.2d at 921. We reject appellant's argument for a mandatory and exclusive construction, and instead construe the forum selection clause as permissive. Therefore, North Carolina is a proper forum for the action in the present case.

IV. Plaintiff's Assignments of Error
We need not address plaintiff's cross-assignments of error regarding the forum selection clause. We affirm the trial court's determination that the forum selection clause was vague and ambiguous, and construe the ambiguity in favor of the plaintiff. Therefore, the plaintiff is not an aggrieved party and the questions raised by their cross-assignments of error are not ripe for review. Dickey v. Herbin, 250 N.C. 321, 324, 108 S.E.2d 632, 634-35 (1959).
Affirmed.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).