CITY OF SALISBURY, NORTH CAROLINA v. KIRK REALTY CO., INC.

No. 8019SC70

(Filed 19 August 1980)

**Eminent Domain § 11; Judgments § 19— irregular judgment — failure to show injury or meritorious defense**

    Where commissioners of appraisal filed their report on 20 April 1979, judgment entered by the clerk on 2 May 1979 was irregular, since it was entered before the expiration of the statutory period of 20 days allowed for the filing of exceptions, but the trial court properly refused to set aside the judgment since respondent failed to show that it affected his rights injuriously and that he had a meritorious defense.

APPEAL by defendant from *Mills, Judge.* Judgment entered 15 November 1979 in Superior Court, ROWAN County. Heard in the Court of Appeals 4 June 1980.

Petitioner instituted a special proceeding whereby it sought to condemn property owned by respondent which was situate in an area designated for urban redevelopment, alleging that the parties had been unable to agree on the compensation to be paid respondent by petitioner, and asking for appointment of commissioners to appraise the property. The respondent's answer denied that plaintiff had bargained in good faith and asked for appointment of commissioners of appraisal. Appraisers were appointed by order of the Clerk, and the appraisers, under proper instructions, viewed the premises, heard the evidence presented to them, and filed their report assessing damages at $103,997.93. The report was filed 20 April 1979. No exceptions thereto were filed. On 2 May 1979, the Clerk entered judgment on the commissioners' report. On 30 August 1979, respondent filed written notice of appeal to the Superior Court of Rowan County "pursuant to the provisions of G.S. 40-20." On 1 October 1979, the respondent, by writing filed with the Clerk, withdrew its appeal and, on the same day, filed a motion to vacate the 2 May 1979 judgment entered on the commissioners' report "on the grounds that said Judgment is irregular in that it violates the requirements of N.C. Gen. Stat. § 40-19; and that accordingly, the Judgment so rendered is invalid and voidable, and should be vacated and set aside." Accompanying the motion was an affidavit of counsel for re-

spondent stating that the judgment was entered prior to the expiration of the 20-day period which G.S. 40-19 provides as the period within which persons interested in the land may file exceptions to the report.

On 4 October 1979, the Clerk denied the motion "for failure of the Respondent to allege and show that said judgment injuriously affects the Respondent's rights and that it has a meritorious defense."

On 5 October 1979, respondent filed written notice of appeal to Superior Court. Respondent also filed two affidavits to the effect that the property had been appraised at $164,000 and that certain sales in the area were not considered as comparables. The record does not contain any evidence presented to the commissioners.

On 15 November 1979, the Superior Court entered an order denying the motion to vacate giving as reasons for the denial the identical reasons given by the Clerk.

From entry of that order respondent appeals to this Court.

*Coughenour, Linn and Short, by Stahle Linn and Carl W. Short, Jr., for petitioner appellee.*

*Thomas M. King for respondent appellant.*

MORRIS, Chief Judge.

Because the judgment of 2 May 1979 was entered by the Clerk before the expiration of the statutory period of 20 days allowed for the filing of exceptions, it is an irregular judgment, *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953), but stands as the judgment of the court until set aside by a proper proceeding therefor.

To set aside a judgment for irregularity, it is necessary to make a motion in the cause before the court which rendered the judgment, with notice to the other party. The objection cannot be made by appeal, or an independent action, or by

collateral attack. The time for such motion is not limited to one year after the judgment is rendered, but it must be made by the party affected and within a reasonable time to show that he has been diligent to protect his rights. The application should also show that the judgment affects injuriously the rights of the party and that he has a meritorious defense; otherwise, it would be useless to set aside the judgment.

Wilson and Wilson, 2 McIntosh North Carolina Practice and Procedure, § 1715, pp. 165-166 (2d ed. 1956).

The procedure for setting aside an irregular judgment is now found in G.S. 1A-1, Rule 60 (b)(6). *See* Comment by Dean Dickson Phillips, Wilson and Wilson, 2 McIntosh North Carolina Practice and Procedure, § 1720 p. 93 (2d ed. 1970 Supp.). We do not find anything in the Rule or any comment thereto which changes the requirements from those set out in *Collins* — a showing by the moving party that the judgment affects his rights injuriously and that he has a meritorious defense.

If no request is made by either party to a hearing on a motion, the trial judge is not required to find the facts upon which he bases his ruling. G.S. 1A-1, Rule 52 (a)(2). Here neither party requested that the court find facts. No facts were found. "In such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment." *Haiduven v. Cooper*, 23 N.C. App. 67, 69, 208 S.E. 2d 223, 225 (1974).

Without the presumption, it is clear from this record that the meritorious defense claimed by respondent is that, in his opinion, the property is worth more than the compensation set by the commissioners. This is also the only possible way the judgment affects respondent's rights injuriously. It is just as obvious that any evidence he had with respect to value or comparables should have been, and very probably was, presented to the commissioners of appraisal.

The judgment denying the motion to set aside the 2 May 1979 judgment must be

Affirmed.

Judges CLARK and ERWIN concur.