GEORGE STALLINGS v. KATHRYN M. HAHN

No. 8911DC548

(Filed 19 June 1990)

**Process § 9.1 (NCI3d) — nonresident individual — insufficient contacts with North Carolina — no in personam jurisdiction**

The quantity and quality of defendant nonresident individual's contacts with this state were insufficient to support the exercise of in personam jurisdiction over her where the only contacts between defendant and North Carolina were defendant's advertisement placed in a national magazine, long distance phone calls between the parties, and a cashier's check sent from plaintiff in North Carolina to defendant.

**Am Jur 2d, Process § 79.**

APPEAL by defendant from order entered 20 April 1989 by *Judge William A. Christian* in LEE County District Court. Heard in the Court of Appeals 5 February 1990.

Plaintiff instituted this civil action on 21 December 1988 alleging breach of contract and seeking damages in excess of $5,000. Defendant received process by certified mail on 24 December 1988. On 23 January 1989, defendant made a special appearance and moved to dismiss the action for lack of jurisdiction over the subject matter and over the person of the defendant. After a hearing, the trial court entered an order denying defendant's motions. Defendant appeals.

*Staton, Perkinson, Doster & Post, by Ronald L. Perkinson, for plaintiff-appellee.*

*Harrington, Ward, Gilleland & Winstead, by F. Jefferson Ward, Jr., for defendant-appellant.*

JOHNSON, Judge.

Defendant Kathryn M. Hahn, who is a citizen and resident of Pennsylvania, placed an advertisement in the December 1988 issue of *Hemmings Motor News*, a national monthly magazine, to offer for sale a 1958 Pontiac Bonneville and a parts car for the Bonneville for the price of $2,500. On or about 25 November 1988, plaintiff, who is a resident of North Carolina, telephoned defendant in Pennsylvania regarding the advertisement. Plaintiff did not reach defendant on the first call, and defendant returned plaintiff's call. After this long distance conversation, plaintiff sent defendant a deposit on the cars in the form of a cashier's check in the amount of $200. Defendant received the check in Pennsylvania. On 8 December 1988, plaintiff again telephoned defendant in Pennsylvania to make arrangements to pick up the cars in Pennsylvania, and defendant advised plaintiff that she was going to sell the cars to someone else. Defendant returned the deposit check to plaintiff.

Although a defendant may not ordinarily immediately appeal the denial of a motion to dismiss, this defendant may properly appeal under G.S. § 1-277(b) which provides for immediate appeal "from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant." *Holt v. Holt*, 41 N.C. App. 344, 255 S.E.2d 407 (1979).

STALLINGS v. HAHN

[99 N.C. App. 213 (1990)]

We apply a two-part test to determine whether Ms. Hahn, a foreign defendant, may be subjected to *in personam* jurisdiction in this State. First, we consider whether there exists a basis for asserting jurisdiction under G.S. § 1-75.4, commonly known as the "long arm" statute. Second, if such a basis exists, we determine whether exercise of the jurisdiction by our courts would comport with due process of law guaranteed by the constitution. *Marion v. Long*, 72 N.C. App. 585, 325 S.E.2d 300, *disc. rev. denied and appeal dismissed*, 313 N.C. 604, 330 S.E.2d 612 (1985). Although the long arm provision is to be liberally construed in favor of jurisdiction, *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E.2d 476 (1980), the burden is on the plaintiff to establish a *prima facie* showing that one. of the statutory grounds is applicable. *DeSoto Trail, Inc. v. Covington Diesel, Inc.*, 77 N.C. App. 637, 335 S.E.2d 794 (1985); *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E.2d 782 (1978).

In the instant case, the trial court made no finding that any particular provision of G.S. § 1-75.4 is applicable. Plaintiff contends in his brief that subsection 5(d) covers the situation. G.S. § 1-75.4(5)(d) provides that statutory jurisdiction is present in any action that "[r]elates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction." This Court has held that payments of money constitute "things of value" for purposes of this statute. *Church v. Carter*, 94 N.C. App. 286, 380 S.E.2d 167 (1989); *Schofield v. Schofield*, 78 N.C. App. 657, 338 S.E.2d 132 (1986). Therefore, we hold that statutory jurisdiction exists under G.S. § 1-75.4(5)(d).

We find, however, that this jurisdiction cannot constitutionally be exercised. The landmark case of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed.2d 95 (1945), established that "minimum contacts" between the forum state and defendant must exist before *in personam* jurisdiction may be exercised. The quality and quantity of contacts, the source and connection of the cause of action with those contacts, as well as convenience and interest of the forum state are useful criteria in determining the existence of minimum contacts. *Sola Basic Industries v. Electric Membership Corp.*, 70 N.C. App. 737, 321 S.E.2d 28 (1984). The facts of each case must be considered in light of "traditional notions of fair play and substantial justice." *International Shoe Co., supra* at 316, 90 L.Ed.2d at 102.

The only contacts between defendant and the forum State in this case are the advertisement placed in *Hemmings Motor News*, the telephone calls between plaintiff and defendant, and the cashier's check sent by plaintiff to defendant. Defendant never came to North Carolina; she received the deposit check in Pennsylvania; and delivery of the cars was to take place in Pennsylvania. The contacts in this case simply do not rise to the level of satisfying due process requirements. Placement of advertisements in a national publication cannot by itself support jurisdiction. *Marion v. Long, supra* and cases cited therein. In *Marion*, this Court found minimum contacts lacking when defendants had placed an advertisement similar to the one in the instant case, had also made a trip to North Carolina to trailer the plaintiff's automobile back to Georgia for repairs, and the oral contract for repairs was allegedly closed in North Carolina. In the case *sub judice*, the contacts are even less substantial than in *Marion*. Defendant Hahn has not entered the forum State. Also, all the elements of defendant's performance of the oral agreement, if there was one, were to take place in Pennsylvania. *Phoenix America Corp., supra* (Mere act of entering into a contract with a forum resident will not provide minimum contacts, especially if all the elements of defendant's performance are to take place outside the forum state.).

In sum, the quality and quantity of contacts in this case are insufficient to support exercise of *in personam* jurisdiction, and the trial court erred in denying defendant's motion to dismiss.

Reversed and remanded.

Chief Judge HEDRICK and Judge PHILLIPS concur.