WILMA LANG, Plaintiff v. MANFRED LANG, Defendant

_____

KARIN WILMA LANG, Plaintiff v. MANFRED LANG, Defendant

No. COA02-1064

(Filed 20 May 2003)

**Child Support, Custody, and Visitation— enforcement of foreign support order—personal jurisdiction—long-arm statute**

The trial court did not err in a child support case by denying defendant's motion to dismiss based on lack of personal jurisdiction plaintiffs' motions in the cause to enforce a support judgment in North Carolina that was originally entered in Germany even though defendant contends he was never a resident or citizen of North Carolina and did not have sufficient contacts with the state to warrant the exercise of personal jurisdiction, because: (1) although defendant contends that the trial court erroneously based the jurisdictional claim or finding upon the existence of a prior registered order, the pertinent finding served an introductory function providing information on the procedural background of the case rather than as a basis for the exercise of personal jurisdiction; (2) under the long-arm statute of N.C.G.S. § 1-75.4(1)d, the trial court properly considered defendant's activity prior to service of process for purposes of determining whether defendant was engaged in substantial activity within North Carolina; and (3) defendant's activities were systematic and continuous and defendant purposefully availed himself of the privilege of conducting activities within the forum state including that defendant was engaged in the business of selling real estate in this state over the course of ten years, defendant signed as a seller offers to purchase and contract for real property located in this state as late as November 2000, and defendant or his attorney-in-fact on his behalf also signed many warranty deeds as grantor conveying property located in this state.

LANG v. LANG

[157 N.C. App. 703 (2003)]

Appeal by defendant from order filed 2 May 2002 by Judge Mark E. Powell in Henderson County District Court. Heard in the Court of Appeals 23 April 2003.

*Frank B. Jackson and James L. Palmer, and Henderson County Legal Department, by Charles Russell Burrell, for plaintiff appellee.*

*Elkins & Elkins, by H. Trade Elkins, for defendant appellant.*

BRYANT, Judge.

Manfred Lang (defendant) appeals an order filed 2 May 2002 denying his motion to dismiss for lack of personal jurisdiction.[1]

On 27 October 2000, Wilma Lang (Lang) and Karin Wilma Lang (the daughter) (collectively plaintiffs) filed separate motions in the cause to enforce a foreign support judgment pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). The motions alleged that Lang and defendant had married in Germany in 1962. The daughter was born during the marriage, which ended in divorce in 1974. Defendant and Lang entered into a separation agreement whereby defendant was to pay spousal and child support. This agreement was incorporated into the German divorce decree. Sometime thereafter, defendant moved to Henderson County, North Carolina. Because defendant failed to meet his support obligations under the agreement, Lang filed a "Notice of Registration of Foreign Support Order" with the district court in Henderson County, on 23 June 1992. On 18 August 1994, the daughter filed her own notice of registration. The notices of registration listed a Flat Rock, North Carolina mailing address for defendant. Defendant objected to the registration of the German support judgment and ultimately appealed the issue, resulting in this Court's affirmance of the trial court's confirmation of the registration. *See Lang v. Lang*, 125 N.C. App. 573, 481 S.E.2d 380 (1997).

In a motion to dismiss dated 7 February 2002, defendant argued the trial court lacked personal jurisdiction to hear plaintiffs' motions in the cause to enforce the existing support judgment because defendant was never a resident or citizen of the State of North Carolina and did not have sufficient contacts with the State to war-

---

1. Although normally the denial of a motion to dismiss is interlocutory and thus not immediately appealable, this Court has held a motion to dismiss based on personal jurisdiction to be immediately appealable. *See Woodard v. Local Gov't Employees' Retirement Sys.*, 110 N.C. App. 83, 86, 428 S.E.2d 849, 851 (1993).

rant the exercise of personal jurisdiction. The trial court entered an order on 2 May 2002 finding in pertinent part that:

1. These cases began as registrations by . . . [p]laintiffs of support orders entered in Germany. The notices of registration were served on . . . [d]efendant when he was present in North Carolina. The registrations were confirmed, and the confirmation was upheld by the North Carolina Court of Appeals.

2. On October 27, 2000 . . . [p]laintiffs filed a verified "Motion to Enforce Judgment" in these two cases. This motion was personally served on . . . [d]efendant in Florida. . . . Defendant's counsel filed a notice of special limited appearance to contest personal jurisdiction.

. . . .

3. . . . Defendant has engaged in the following activity in the State of North Carolina or related to the State of North Carolina:

a) He executed on July 26, 1999 a power of attorney appointing Don H. Elkins as his attorney-in-fact. This document was filed in the Office of the Henderson County Register of Deeds the same day.

b) In the lawsuit *Kutz v. Lang*, 99-CVS-53 (Henderson County), [defendant] admitted in his answer filed in April of 1999 that he was a resident of Henderson County, North Carolina, and the [trial] [c]ourt finds that he was in fact such a resident at the time of the filing of the answer.

c) During a deposition in the case of *Kutz v. Lang* on February 7, 2000, . . . [d]efendant stated that "we have a personal residence in Kenmure," a Henderson County, North Carolina subdivision, and that he had investments in building sites in two Henderson County subdivisions. He further stated that "within the last ten, twelve years we sold about 100, 110 lots in three different subdivisions" and used one subdivision clubhouse as a sales office. The actions of . . . [d]efendant as stated by him are found as fact.

d) During the same deposition, . . . [d]efendant stated that he owned the Middleton Place subdivision in Henderson County, North Carolina for ten years and was in the subdivision "hundreds of times." He further admitted showing homes in the subdivision and taking back mortgages to assist with the financing. The

deposition of . . . [d]efendant further shows that . . . [d]efendant has recently been extensively involved with investing in and selling real estate in Henderson County, North Carolina. The actions of . . . [d]efendant as stated by him in the deposition are found as fact.

e) . . . Defendant was issued a North Carolina operator's license in September 1987. This license was renewed in January of 1991. The Division of Motor Vehicles driving history of . . . [d]efendant dated February 20, 2001 lists . . . [d]efendant's address as being in Flat Rock, North Carolina. . . . Defendant and his wife purchased an automobile in North Carolina in 1993 and registered it in North Carolina.

f) . . . Defendant signed, as a seller, offers to purchase and contract for real property located in North Carolina as late as November of 2000.

g) . . . Defendant, signed (or his attorney-in-fact signed on his behalf) many warranty deeds as grantor, conveying property located in Henderson County, North Carolina, the most recent being in November of 2001.

. . . .

i) . . . Defendant reserved certain repurchase rights for himself as shown in the "Amendment to Declaration of Restrictive Covenants for Wildwood Heights Subdivision," filed October 21, 1987 in the Henderson County Register of Deeds. . . . Defendant's home in Kenmure was sold in August of 2000.

Based on these findings, the trial court concluded that defendant engaged in substantial activity within the State and "that this activity allows the State of North Carolina to assert general personal jurisdiction over . . . [d]efendant pursuant to N.C.G.S. [§] 1-75.4(1)d." The trial court further concluded that defendant "purposefully established and maintained such contacts with the State of North Carolina such that he should reasonably anticipate being haled into court in North Carolina." Because the assertion of personal jurisdiction over defendant did not offend traditional notions of fair play and substantial justice, the trial court denied defendant's motion to dismiss.

The issues are whether: (I) the trial court erred in making finding of fact number 1 because it was prejudicial and irrelevant to the determination of personal jurisdiction; (II) the trial court erred in

relying on activities by defendant that pre-dated the service of process of plaintiffs' motions in the cause; and (III) defendant's activities in North Carolina were "substantial" and "continuous and systematic."[2]

## I

Defendant first argues the trial court erred in making the following finding:

1. These cases began as registrations by . . . [p]laintiffs of support orders entered in Germany. The notices of registration were served on . . . [d]efendant when he was present in North Carolina. The registrations were confirmed, and the confirmation was upheld by the North Carolina Court of Appeals.

Defendant contends that this finding was not only irrelevant but prejudicial because, based on *Pinner v. Pinner*, no jurisdictional claim or finding may be founded upon the existence of a prior registered order. *See Pinner v. Pinner*, 33 N.C. App. 204, 207-08, 234 S.E.2d 633, 636 (1977). While defendant properly cites this Court's holding in *Pinner*, we conclude that his argument is without merit for the following reason. The trial court's finding served an introductory function, providing information on the procedural background of the case. It did not serve as a basis for the exercise of personal jurisdiction. Instead, all relevant factors supporting the trial court's conclusion of personal jurisdiction were specifically listed in finding of fact number 3. This assignment of error is therefore overruled.

## II

Defendant next contends the trial court erred in relying on activities that pre-dated the service of process of plaintiffs' motions in the cause.

When addressing a question of personal jurisdiction the court engages in a two-step inquiry. First, the court must determine whether the applicable long-arm statute permits the exercise of jurisdiction over the defendant. Next, the court determines

---

2. Defendant also assigned as error the trial court's failure to dismiss the case for lack of subject matter jurisdiction due to the URESA repeal by the time plaintiffs filed their motions in the cause to enforce the support judgment. Although defendant did not raise this argument in his motion to dismiss, we note that the repeal does not affect " 'pending actions, rights, duties, or liabilities based on the Act.' " *Twaddell v. Anderson*, 136 N.C. App. 56, 62, 523 S.E.2d 710, 715 (1999) (citation omitted). As plaintiffs registered the foreign support judgment prior to the repeal of URESA, the Act remains in effect for the purpose of enforcing defendant's support obligations.

whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment.

North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, was enacted "to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." Since the North Carolina legislature designed the long-arm statute to extend personal jurisdiction to the limits permitted by due process, the two-step inquiry merges into one question: whether the exercise of jurisdiction comports with due process.

*Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.*, 933 F. Supp. 507, 509-10 (1996) (citations omitted). In other words, "there must exist 'certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citations omitted). This requirement is satisfied if "a party who when service of process is made . . . [i]s engaged in substantial activity within this State." N.C.G.S. § 1-75.4(1)d (2001). The defendant must be considered to have "purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws" and creating a "reasonabl[e] anticipat[ion of] being haled into court there." *Tom Togs*, 318 N.C. at 365, 348 S.E.2d at 786. Moreover, "in cases such as the one before us, where defendant's contacts with the state are not related to the suit, an application of the doctrine of 'general jurisdiction' is appropriate." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 617, 532 S.E.2d 215, 219 (2000). Under this doctrine, "jurisdiction may be asserted even if the cause of action is unrelated to [the] defendant's activities in the forum as long as there are sufficient 'continuous and systematic' contacts between [the] defendant and the forum state." *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989).

Defendant contends that the majority of his activities found as fact by the trial court occurred prior to the time he was served with process and can therefore not be considered under section 1-75.4(1)d to determine whether there was substantial activity with the State. We disagree. The long-arm statute requires a defendant to be "engaged in substantial activity" in the State "when service of process is made." N.C.G.S. § 1-75.4(1)d. Being engaged connotes already exist-

ing or ongoing activity. Furthermore, our courts have consistently looked to a defendant's conduct prior to service of process to find the existence of minimum contacts. *See First Union Nat'l Bank of Del. v. Bankers Wholesale Mortgage, LLC,* 153 N.C. App. 248, 570 S.E.2d 217 (2002); *Strother v. Strother,* 120 N.C. App. 393, 462 S.E.2d 542 (1995). Thus, the trial court properly considered defendant's activity prior to the service of process for purposes of determining whether defendant was engaged in substantial activity within the State.

### III

Defendant further argues that his activities in North Carolina, as found by the trial court, were neither substantial nor continuous and systematic because "property ownership alone is insufficient to allow a non-resident to be subject to the personal jurisdiction of the courts of this State." *Bruggeman,* 138 N.C. App. at 616, 532 S.E.2d at 218. We note, however, that defendant's contact with this state went beyond simply owning real estate. *See id.* at 618, 532 S.E.2d at 219 (finding minimum contacts of a continuous and systematic nature where the defendant, "besides owning real property in North Carolina, [was] engaged in at least one substantial and ongoing profit-making venture in this State through the leasing of that property"). Over the course of more than ten years, including after the motions in the cause were filed, defendant was engaged in the business of selling real estate in Henderson County, North Carolina. Defendant "signed, as a seller, offers to purchase and contract for real property located in North Carolina as late as November of 2000." Defendant, or his attorney-in-fact on his behalf, also signed "many warranty deeds as grantor, conveying property located in Henderson County, North Carolina, the most recent being in November of 2001." This activity, which the trial court's findings show was systematic and continuous, is sufficient to support the conclusion that defendant "purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws" and could therefore "reasonably anticipate being haled into court" in North Carolina. *Tom Togs,* 318 N.C. at 365, 348 S.E.2d at 786. Accordingly, the trial court properly concluded that the exercise of personal jurisdiction complied with both the long-arm statute and due process.

Affirmed.

Judges TIMMONS-GOODSON and GEER concur.