BAILEY MICHELLE EAKER, Plaintiff v. WANDA A. GOWER, Individually and as President of Natural Touch School of Massage Therapy, Inc., and NATURAL TOUCH SCHOOL OF MASSAGE THERAPY, INC., Defendants

No. COA07-1025

(Filed 15 April 2008)

**1. Appeal and Error— appealability—interlocutory order— jurisdiction immediately appealable**

Although defendant's appeal from the denial of her motion to dismiss is from an interlocutory order, the Court of Appeals addressed the substance of the appeal under N.C.G.S. § 1-277(b) because it gives any interested party the right of immediate appeal from an adverse ruling as to the jurisdiction of the court of the person or property of defendant.

**2. Jurisdiction— personal jurisdiction—due process—minimum contacts**

The trial court erred in a breach of contract, unjust enrichment, and unfair or deceptive trade practices case by failing to grant defendants' motion to dismiss for lack of personal jurisdiction in regard to defendant Gower because: (1) the exercise of jurisdiction did not comport with due process when based upon the verified pleading and affidavits, the trial court could only find that defendant was a citizen and resident of Florida; (2) although plaintiff asserted defendant engaged in commerce within the state of North Carolina, plaintiff provided no facts in the record to support this conclusion; (3) the verified complaint and plaintiff's affidavit do not even mention the location of the pertinent school or where plaintiff actually attended classes; and (4) plaintiff failed to adequately assert the necessary minimum contacts including that defendant performed any actions in North Carolina

**EAKER v. GOWER**

[189 N.C. App. 770 (2008)]

or that she has purposefully availed herself of the privilege of conducting activities within North Carolina and invoked the benefits and protections of the laws of North Carolina.

Appeal by defendants from order entered 19 March 2007 by Judge Susan C. Taylor in Superior Court, Alexander County. Heard in the Court of Appeals 7 February 2008.

*Edward Jennings for plaintiff-appellee.*

*Law Offices of Matthew K. Rogers, PLLC by Joseph M. Long for defendant-appellant.*

STROUD, Judge.

Plaintiff filed an action against defendants for breach of contract, unjust enrichment, and unfair or deceptive trade practices. Defendants filed motions to dismiss for, *inter alia,* lack of personal jurisdiction over defendant Wanda A. Gower. The trial court denied defendants' motion to dismiss for lack of personal jurisdiction. Defendant Wanda A. Gower appeals. The dispositive question before this Court is whether the trial court erred in failing to dismiss defendants' motion to dismiss for lack of personal jurisdiction as to defendant Wanda A. Gower. For the following reasons, we reverse.

## I. Background

On or about 24 February 2005, plaintiff enrolled at defendant Natural Touch School of Massage Therapy, Inc. ("Natural Touch"). Plaintiff paid approximately $3,000 for tuition and other costs. On 4 April 2006, plaintiff filed a verified complaint naming Natural Touch and its president, Wanda A. Gower ("Gower"), as defendants, claiming defendants breached their contract, were unjustly enriched, and committed unfair or deceptive trade practices. On 7 June 2005, defendants filed an unverified "Defendants' Answer, Counterclaims & Motions" asserting, *inter alia,* that plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), specifically because there was no personal jurisdiction over Gower.[1]

On 3 November 2006, defendants filed a "Notice of Hearing;" the motions were to be heard 16 January 2007. On or about 13 December

---

1. We note that the proper way to file a motion for lack of personal jurisdiction is pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2); however, this issue was not raised before the trial court or presented to us on appeal, and thus we will not address this procedural mistake.

2006, defendants filed another "Notice of Hearing" on the same grounds, but this time the hearing was to be held 12 February 2007. At the 12 February 2007 hearing, the trial court considered, *inter alia*, plaintiff's verified complaint, an affidavit from Gower, and an affidavit from plaintiff.

On 2 March 2007, the trial court denied one of defendants' motions to dismiss, but did not address the motion to dismiss regarding personal jurisdiction over Gower. On or about 7 March 2007, Matthew K. Rogers, defendants' attorney, sent the trial court judge a letter stating that "[t]he Motion To Dismiss Wanda Gower personally for lack of personal jurisdiction was not been [sic] addressed in the Order." On 19 March 2007, the superior court denied defendants' motion to dismiss for lack of personal jurisdiction as to Gower. Defendant Gower appeals.[2] The dispositive question before this Court is whether the trial court erred in failing to grant defendant Gower's motion to dismiss for lack of personal jurisdiction.

## II. Interlocutory Appeal

**[1]** Plaintiff's brief does not address the substance of Gower's appeal, but only contends that Gower's appeal is interlocutory, and thus should be dismissed. This appeal is interlocutory, but pursuant to N.C. Gen. Stat. § 1-277(b), "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]" N.C. Gen. Stat. § 1-277(b) (2005), *see also, e.g., Godwin v. Walls*, 118 N.C. App. 341, 342-44, 455 S.E.2d 473, 476-77, *disc. rev. allowed*, 341 N.C. 419, 461 S.E.2d 757 (1995) (allowing immediate appeal when defendant's motion to dismiss for lack of personal jurisdiction was denied). Therefore, this Court will address the substance of Gower's appeal.

## III. Personal Jurisdiction

**[2]** Gower argues that the trial court erred in failing to grant defendants' motion to dismiss for lack of personal jurisdiction over Gower.

The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court. Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to

---

2. Defendant Natural Touch did not assign any errors to the order which denied its motion to dismiss.

dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues.

. . . .

In the third category of cases, the parties—as here—submit dueling affidavits. Under those circumstances, the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or depositions. If the trial court chooses to decide the motion based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror.

*Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693-94, 611 S.E.2d 179, 182-83 (2005) (internal citations, internal quotation marks, ellipses, and brackets omitted). Furthermore, "[a] verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Eluhu v. Rosenhaus*, 159 N.C. App. 355, 359, 583 S.E.2d 707, 711 (2003) (citation and internal quotation marks omitted), *aff'd*, 358 N.C. 372, 595 S.E.2d 146 (2004).

"When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Banc of Am. Secs. LLC* at 694, 611 S.E.2d at 183 (citation and internal quotation marks omitted). "Such appeal is limited to a determination of whether North Carolina statutes permit our courts to entertain this action against defendant[], and, if so, whether this exercise of jurisdiction violates due process." *Saxon v. Smith*, 125 N.C. App. 163, 168, 479 S.E.2d 788, 791 (1997) (citation and internal quotation marks omitted).

North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, was enacted to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process. Since the North Carolina legislature designed the long-arm statute to extend personal jurisdiction to the limits permitted by due process, the two-step inquiry merges into one question: whether the exercise of jurisdiction comports with due process.

*Lang v. Lang*, 157 N.C. App. 703, 708, 579 S.E.2d 919, 922 (2003) (citation and internal quotation marks omitted).

> In determining whether the exercise of personal jurisdiction comports with due process, the crucial inquiry is whether the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In order to have minimum contacts:

> the defendant must have purposefully availed itself of the privilege of conducting activities within the forum state and invoked the benefits and protections of the laws of North Carolina. The relationship between the defendant and the forum state must be such that the defendant should reasonably anticipate being haled [sic] into a North Carolina court.

> This Court . . . discussed five factors to be considered to determine whether the defendant has had sufficient minimum contacts with the forum state. The factors are: (1) quantity of the contacts between the defendant and the forum state, (2) quality and nature of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience of the parties.

*Baker v. Lanier Marine Liquidators, Inc.*, 187 N.C. App. 711, 715, 654 S.E.2d 41, 44-45 (2007) (internal citations, internal quotation marks, and brackets omitted).

> When jurisdiction is challenged, plaintiff has the burden of proving *prima facie* that a statutory basis for jurisdiction exists. The failure to plead the particulars of personal jurisdiction is not necessarily fatal, so long as the facts alleged permit the reasonable inference that jurisdiction may be acquired.

> We note that the trial court did not make any findings of fact to support [its] ruling denying defendant[]s['] motion to dismiss. However, when there is no request of the trial court to make such findings, we presume that the judge found facts sufficient to support the judgment. If the presumed findings are supported by competent evidence in the record, they are conclusive on appeal, notwithstanding other evidence in the record to the contrary.

*Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 629-30, 394 S.E.2d 651, 654 (1990) (internal citations, internal quotation marks,

ellipses, and brackets omitted). "[I]t is elementary that the trial court must draw its own legal conclusions from those facts, and that it may draw conclusions which may differ from those advocated by plaintiff[]." *Affordable Care, Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 532, 571 S.E.2d 52, 57 (2002) (noting trial court's obligation for 12(b)(6) and 12(c) motions to dismiss).

Here we do not find that "the exercise of jurisdiction comports with due process." *Lang* at 708, 579 S.E.2d at 922. Plaintiff's only allegations in her complaint as to personal jurisdiction over defendant Gower are that

[t]he individual [d]efendant, WANDA A. GOWER, is a citizen and resident of the State of North Carolina, and [that] . . .

[t]he [d]efendants are engaged in commerce within the State of North Carolina and are a for profit business for purposes including offering an educational curriculum and courses of study for persons who are accepted as students upon the payment of tuition and fees, which are transactions which affect and are in commerce[.]

Defendant Gower's affidavit stated, "I am citizen [sic] and resident of the State of Florida." Attached to defendant Gower's affidavit were copies of her Florida drivers license and voter registration card from the State of Florida. In her affidavit plaintiff failed to rebut or to deny defendant Gower's statement that she is actually a Florida citizen and resident; therefore, the trial court had no evidence upon which to find that defendant Gower is a North Carolina citizen or resident as plaintiff alleged in her verified complaint. Based upon the verified pleading and affidavits, the trial court could properly find only that defendant Gower is a citizen and resident of Florida.

We must next determine whether there was any evidence that defendant Gower had "minimum contacts" with North Carolina such that the exercise of jurisdiction over her comports with due process. *See Baker* at 715, 654 S.E.2d at 44-45. The only other statement regarding defendant Gower's contact with North Carolina in a verified pleading or affidavit before us is that "[d]efendants are engaged in commerce within the State of North Carolina and are a for profit business for purposes including offering an educational curriculum and courses of study[.]" We find this statement to be a legal conclusion rather than a factual allegation. Plaintiff has asserted that defendant Gower is "engaged in commerce within the state of North

Carolina[,]" but has not provided us with any facts in the record to support this conclusion.

We must therefore consider the five factors as set forth in *Baker*. *See Baker* at 715, 654 S.E.2d at 45. As to the "quantity of the contacts" between defendant Gower and North Carolina, the pleadings and affidavits disclose, at best, that Gower is associated with the educational program which plaintiff attended at some unknown location. *See id.* We have no information as to the number of times Gower may have visited North Carolina or even directed communications here. As to the "quality and nature of the contacts" between Gower and North Carolina, we have no information at all. *See id.* As to "the source and connection of the cause of action" to defendant Gower's contacts with North Carolina, again, at best we could infer from the verified pleading and affidavits that Gower was somehow involved with plaintiff's classes, although we do not know where these classes occurred or the nature of Gower's actual involvement. *See id.* Furthermore, there are no allegations which elucidate to us "the interest" of North Carolina or the convenience of the parties. *See id.* All we know from the evidence before us is that Gower is a citizen and resident of Florida and plaintiff is a North Carolina citizen and resident, who attended classes presented by Natural Touch and/or Gower at an unknown location. In this regard, we note that the verified complaint and plaintiff's affidavit do not even mention the location of Natural Touch's or Gower's school or where plaintiff actually attended classes. We cannot make assumptions regarding these important facts, but rather are required to rely only upon the facts in the record before us.

Beyond the two statements *supra*, nowhere in plaintiff's complaint or affidavit does she assert that Gower performed any actions in North Carolina or that she has "purposefully availed [herself] of the privilege of conducting activities within [North Carolina] and invoked the benefits and protections of the laws of North Carolina. " *See id.* Based on the record, there is not competent evidence to support a finding of minimum contacts between defendant Gower and North Carolina in order for this State to exercise personal jurisdiction over defendant Gower; therefore, we reverse.

## IV. Conclusion

For the reasons stated above, we reverse the trial courts denial of defendant's motion to dismiss for lack of personal jurisdiction.

**IN RE J.J.D.L.**

[189 N.C. App. 777 (2008)]

REVERSED.

Judges TYSON and GEER concur.