ROSSETTO USA, INC., Plaintiff v. GREENSKY FINANCIAL, LLC, FURNITURE RETAILERS, LLC, and ECLECTICGLOBAL, LLC, Defendants

No. COA07-1529

(Filed 1 July 2008)

## 1. Jurisdiction— personal jurisdiction—minimum contacts—consistent and continuous interaction

The trial court did not err in a breach of contract or quasi-contract and conversion case by denying defendant Greensky's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) based on lack of personal jurisdiction because defendant had sufficient minimum contacts to purposefully avail itself of the privilege of conducting activities within North Carolina, thus subjecting itself to personal jurisdiction, including: (1) defendant's consistent and continuous two-year interaction with plaintiff in reference to the sale of furniture from plaintiff to Eclectic; (2) numerous communications; (3) frequent payments for the furniture purchased by Eclectic; and (4) the alleged attempted sale of plaintiff's furniture without payment.

## 2. Jurisdiction— personal jurisdiction—minimum contacts—passive receipt of shipment

The trial court erred in a breach of contract or quasi-contract and conversion case by denying defendant Furniture Retailers's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2) based on

lack of personal jurisdiction because: (1) there was no specific act by which defendant purposefully availed itself of the privilege of conducting activities within North Carolina; and (2) defendant's passive receipt of the shipment of furniture from plaintiff intended for Eclectic, its one phone call to plaintiff in North Carolina, and its attempt to sell furniture on eBay was insufficient to establish minimum contacts with North Carolina.

Judge TYSON dissenting.

Appeal by Defendants Greensky Financial, LLC, and Furniture Retailers, LLC, from order entered 1 October 2007 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 1 May 2008.

*Forman Rossabi Black, P.A., by Amiel J. Rossabi and Emily J. Meister, for Plaintiff-Appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Clinton R. Pinyan and John S. Buford, for Defendants-Appellants.*

ARROWOOD, Judge.

Greensky Financial, LLC (Greensky), and Furniture Retailers, LLC (Furniture Retailers) (together, Defendants), appeal from order entered 1 October 2007 denying Defendants' N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. EclecticGlobal, LLC (Eclectic), did not challenge the jurisdiction of the court. Defendants appeal pursuant to N.C. Gen. Stat. § 1-277(b). We affirm in part and reverse in part.

The evidence of record tends to show that Greensky and Furniture Retailers are Limited Liability Companies with their principal places of business in Atlanta, Georgia. Eclectic also operated with its principal place of business in Georgia. Rossetto USA, Inc. (Rossetto), operates with its principal place of business in Guilford County, North Carolina, selling and distributing furniture. In 2004, Rossetto entered into a contract to sell furniture to Eclectic, and Rossetto shipped furniture from North Carolina to Georgia. Greensky, a financing company, had a contractual relationship with Eclectic, and pursuant thereto, Greensky made "frequent" payments on behalf of Eclectic to Plaintiff between 2004 and 2006, either by mailing checks to Rossetto at Rossetto's office in North Carolina or

by wiring payments to Rossetto's account in North Carolina. Rossetto also received numerous communications and phone calls from Greensky in North Carolina.

In November 2006, Eclectic placed an order for various items of furniture with Rossetto. While the items were in transit, Rossetto learned from Greensky that Furniture Retailers had "[begun] to operate, control or assume the business of Eclectic." Rossetto immediately issued a revised invoice to Furniture Retailers, who took possession of the furniture upon delivery. Rossetto also received a call in their office in North Carolina from a man named, "Dean,"—an employee of Furniture Retailers, who had questions about the furniture. Rossetto learned that Furniture Retailers advertised Rossetto furniture online through eBay. Rossetto received an email from a customer, which was "issued or sent by Greensky." The email "shows that Greensky [attempted] to sell Rossetto's furniture even though it has not paid Rossetto for such furniture."

On 25 April 2007, Rossetto filed a complaint against Greensky, Furniture Retailers and Eclectic, alleging breach of contract or quasi-contract and conversion.

On 2 July 2007, Greensky and Furniture Retailers filed a motion to dismiss for lack of personal jurisdiction, contending that Greensky and Furniture Retailers had no "local presence or status" in North Carolina and that they "did not make a promise to Plaintiff[,]" with regard to an exchange of goods or services in North Carolina. Defendants submitted the affidavit of David Zalik (Zalik), managing member of both Greensky and Furniture Retailers, and Plaintiffs submitted the affidavit of Andrea Verardo (Verardo), an employee of Rossetto. Eclectic did not challenge the jurisdiction of the court.

On 1 October 2007, the trial court entered an order denying Defendants' motion to dismiss for lack of personal jurisdiction. From this order, and pursuant to N.C. Gen. Stat. § 1-277(b) (2007), which provides for "the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[,]" Defendants appeal.

### Personal Jurisdiction

The dispositive issues here are whether Greensky and Furniture Retailers had the requisite "minimum contacts" with North Carolina such that the exercise of personal jurisdiction over Greensky and Furniture Retailers did not violate their right to due process under

the U.S. Constitution. When addressing a question of personal jurisdiction, the court engages in a two-step inquiry.

> "First, the court must determine whether the applicable long-arm statute permits the exercise of jurisdiction over the defendant. Next, the court determines whether the exercise of jurisdiction comports with due process under the Fourteenth Amendment. North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, was enacted to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process. Since the North Carolina legislature designed the long-arm statute to extend personal jurisdiction to the limits permitted by due process, the two-step inquiry merges into one question: whether the exercise of jurisdiction comports with due process."

*Lang v. Lang,* 157 N.C. App. 703, 707-08, 579 S.E.2d 919, 922 (2003) (quoting *Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.,* 933 F. Supp. 507, 509-10 (1996)) (internal quotation marks omitted).

Generally, our " 'standard of review of an order determining jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court.' " *Tejal Vyas, LLC v. Carriage Park Ltd. P'ship,* 166 N.C. App. 34, 37, 600 S.E.2d 881, 884 (2004) (quoting *Better Business Forms, Inc. v. Davis,* 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995)), *aff'd,* 359 N.C. 315, 608 S.E.2d 751 (2005). "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." *Eaker v. Gower,* 189 N.C. App. 770, 772, —— S.E.2d ——, —— (2008); *see also Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.,* 169 N.C. App. 690, 693, 611 S.E.2d 179, 182-83 (2005). When parties "submit dueling affidavits . . . the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or depositions." *Eaker,* 189 N.C. App. at 773, —— S.E.2d at ——. "If the trial court chooses to decide the motion based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror." *Id.*

Here, the trial court did not make findings of fact in its order. However, absent a request by the parties, which does not appear in the record, the trial court is not required to find the facts upon which its ruling is based. N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2007). " 'In such case, it will be presumed that the judge, upon proper evidence,

found facts sufficient to support his judgment.' " *A.R. Haire, Inc. v. St. Denis*, 176 N.C. App. 255, 258, 625 S.E.2d 894, 898 (2006) (quoting *City of Salisbury v. Kirk Realty Co., Inc.*, 48 N.C. App. 427, 429, 268 S.E.2d 873, 875 (1980)) (internal quotation marks omitted). Defendants and Plaintiff submitted dueling affidavits addressing personal jurisdiction. Therefore, we review the record to determine whether it contains competent evidence to support the trial court's presumed findings to support its ruling that Defendants were subject to personal jurisdiction in the courts of this state.

"To establish in personam jurisdiction over non-resident defendants, there must be 'certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *A.R. Haire*, 176 N.C. App. at 255, 625 S.E.2d at 897 (quoting *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986)).

> "Application of the minimum contacts rule 'will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' "

*Skinner v. Preferred Credit*, 361 N.C. 114, 123, 638 S.E.2d 203, 210-211 (2006) (quoting *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 705, 208 S.E.2d 676, 679 (1974)).

> In determining minimum contacts, the court looks at several factors, including: (1) the quantity of the contacts; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with those contacts; (4) the interest of the forum state; and (5) the convenience to the parties.

*A.R. Haire*, 176 N.C. App. at 260, 625 S.E.2d at 899. No single factor controls, but all factors "must be weighed in light of fundamental fairness and the circumstances of the case." *B.F. Goodrich Co. v. Tire King and Smith v. Hill*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986). "Whether minimum contacts are present is determined not by using a mechanical formula or rule of thumb but by ascertaining what is fair and reasonable under the circumstances." *Better Business Forms, Inc.*, 120 N.C. App. at 500, 462 S.E.2d at 833-34. "In light of modern business practices, the quantity, or even the absence, of actual physical contacts with the forum state merely constitutes a

factor to be considered and is not controlling in determining whether minimum contacts exists." *Starco, Inc. v. AMG Bonding and Ins. Services,* 124 N.C. App. 332, 340, 477 S.E.2d 211, 216 (1996).

**[1]** We first examine whether the exercise of personal jurisdiction of the court with regard to Greensky comports with due process. We conclude Greensky had minimum contacts in this State.

The affidavits submitted by Zalik and Verardo provided the following evidence to support the trial court's presumed findings of fact regarding jurisdiction as to Greensky. "Rossetto sold furniture to EclecticGlobal, LLC[, and i]n connection with such sales, Rossetto would ship furniture from North Carolina to the State of Georgia." "Payment(s) for such furniture were frequently made by Greensky Financial, LLC . . . through either a check mailed to Rossetto at our office in the State of North Carolina or by wire to our account in the State of North Carolina." Verardo stated that Greensky made payments "frequently" since 2004. Specifically, the record reveals that on 8 December 2006 and 13 December 2006, Greensky wired payments to Rossetto. "Rossetto received numerous communications and phone calls from Greensky directed to its office in the State of North Carolina." Greensky also informed Rossetto that Furniture Retailers had assumed control of Eclectic, and an email from one of Rossetto's customers revealed that Greensky attempted to sell Rossetto furniture for which payment had not been made by either Greensky, Eclectic or Furniture Retailers.

We conclude that the foregoing evidence, regarding Greensky's consistent and continuous two-year interaction with Rossetto in reference to the sale of furniture from Rossetto to Eclectic, which included numerous communications, "frequent" payments for the furniture purchased by Eclectic, and the alleged attempted sale of Rossetto furniture without payment, is sufficient to support "minimum contacts" in that Greensky "purposefully avail[ed] [it]self of the privilege of conducting activities within [North Carolina]," thus subjecting itself to personal jurisdiction here. *Havey v. Valentine,* 172 N.C. App. 812, 814, 616 S.E.2d 642, 646 (2005) (internal quotation marks omitted) (stating that "[p]urposeful availment is shown if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents"). *See also Brickman v. Codella,* 83 N.C. App. 377, 382, 350 S.E.2d 164, 267 (1986) (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 472, 85 L. Ed. 2d 528, 540 (1985)) (stating that "due process requires that individuals have 'fair warning that a particular activity may subject

[them] to the jurisdiction of a foreign sovereign[,]' [and t]he fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities"). This assignment of error is overruled.

**[2]** We next examine whether the exercise of personal jurisdiction of the court with regard to Furniture Retailers comports with due process. We conclude that Furniture Retailers did not maintain minimum contacts with this State.

The affidavits submitted by Zalik and Verardo provide the following evidence to support the trial court's presumed findings of fact with regard to jurisdiction as to Furniture Retailers. Furniture Retailers took over or assumed control of Ecletic in November 2006, and Furniture Retailers was allegedly controlled by Greensky; however, Zalik's opposing affidavit states that the two corporations were two distinctly different corporate entities. Furniture Retailers received the November 2006 shipment of furniture from Rossetto. "Dean," an employee of Furniture Retailers, called Rossetto and asked questions about the furniture, and Furniture Retailers allegedly advertised Rossetto furniture online through eBay.

Unlike Greensky, we can find no specific " 'act by which [Furniture Retailers] purposefully avail[ed] itself of the privilege of conducting activities within the forum State[.]' " *Skinner*, 361 N.C. at 123, 638 S.E.2d at 210-11 (quoting *Chadbourn*, 285 N.C. at 705, 208 S.E.2d at 679). The evidence tends to show that Furniture Retailers passively received the shipment of furniture from Rossetto, intended for Ecletic. Furniture Retailers allegedly made one phone call to Rossetto in North Carolina and attempted to sell the furniture on eBay. We conclude that the foregoing is insufficient to establish minimum contacts with North Carolina. *See Stallings v. Hahn*, 99 N.C. App. 213, 216, 392 S.E.2d 632, 633 (1990) (concluding that the defendant did not have "minimum contacts" with the forum state when "[t]he only contacts between defendant and the forum State . . . [were] the advertisement placed in *Hemmings Motor News*, the telephone calls between plaintiff and defendant, and the cashier's check sent by plaintiff to defendant"); *see also A.R. Haire*, 176 N.C. App. 255, 625 S.E.2d 894 (holding that because Defendants performed no act which would purposefully avail themselves of the privilege of conducting activities within this State, the finding of in personam jurisdiction violated Defendants' due process rights); *Havey*, 172 N.C.

App. at 817, 616 S.E.2d at 648 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. Md. 2002)) (stating that "a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received").

For the foregoing reasons, we affirm the portion of the order of the trial court denying Greensky's motion to dismiss for lack of personal jurisdiction, and reverse the portion of the order denying Furniture Retailers motion to dismiss for lack of personal jurisdiction.

Affirmed in Part and Reversed in Part.

Judge McCULLOUGH concurs.

Judge TYSON dissents with separate opinion.

TYSON, Judge dissenting.

The majority's opinion erroneously affirms the trial court's order against GreenSky Financial, LLC ("GreenSky") and also erroneously reverses the trial court's order against Furniture Retailers, LLC ("Furniture Retailers"). I disagree and respectfully dissent.

## I. Standard of Review

When the trial court ruled on GreenSky's and Furniture Retailers's Rule 12(b)(2) motion to dismiss, it entered no findings of fact. Absent a request by one of the parties, the trial court is not required to make findings of fact when ruling on a motion. N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2007). "Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18 (citation omitted), *disc. rev. denied*, 353 N.C. 261, 546 S.E.2d 90 (2000).

## II. *In Personam* Jurisdiction

A two-step analysis is required to determine whether a court may exercise *in personam* jurisdiction over a non-resident defendant. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977). "First, do the statutes of North Carolina permit the

courts of this jurisdiction to entertain this action against defendant. If so, does the exercise of this power by the North Carolina courts violate due process of law." *Id.* (citation omitted).

### A. N.C. Gen. Stat. § 1-75.4(5)

N.C. Gen. Stat. § 1-75.4(5) (2007), the long-arm statute, confers jurisdiction in a court in this State having subject matter jurisdiction over the allegations, in any action that:

> c. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value; or

> d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction . . . .

### 1. GreenSky

The record on appeal contains an affidavit provided by David Zalik ("Zalik"), a managing member of GreenSky and Furniture Retailers. Zalik's affidavit states, "[p]ursuant to certain agreements between GreenSky and Eclectic [Global, LLC ("Eclectic")], GreenSky made various payments to [Rossetto USA, Inc. ("Rossetto")] on behalf of Eclectic from approximately September 2006 through and including December 2006." These "agreements between GreenSky and Eclectic . . . ." are sufficient to bring GreenSky under the jurisdiction of the trial court pursuant to N.C. Gen. Stat. § 1-75.4(5)(c). *See Pope v. Pope*, 38 N.C. App. 328, 331, 248 S.E.2d 260, 262 (1978) ("Money payments are clearly a thing of value within the meaning of [N.C. Gen. Stat. §] 1-75.4(5)(c)."); *compare Bank v. Funding Corp.*, 30 N.C. App. 172, 176, 226 S.E.2d 527, 530 (1976) (citations omitted) ("The mere mailing of a payment from outside the State by a nonresident to a party in this State under a contract made outside the State is not sufficient 'contacts' within this State to sustain *in personam* jurisdiction in the forum State.").

### 2. Furniture Retailers

The record on appeal also contains an affidavit provided by Andrea Verardo ("Verardo"), an employee of Rossetto "familiar with the accounts, sales, orders and billings of Rossetto." Verardo's affidavit states:

**ROSSETTO USA, INC. v. GREENSKY FIN., LLC**

[191 N.C. App. 196 (2008)]

In or about November 2006, Eclectic placed an order for various items of furniture with Rossetto. While such items were in transit, *Rossetto learned from Greensky* that Furniture Retailers . . . had taken over or otherwise began to operate, control or assume the business of Eclectic. As a result, *Rossetto immediately issued a revised invoice to Furniture Retailers, who took possession of the furniture upon delivery.*

(Emphasis supplied). Eclectic's November 2006 order, Rossetto's acceptance and shipment of that order, and Furniture Retailers's acceptance of delivery of the goods after it "t[ook] over or otherwise began to operate, control or assume the business of Eclectic[]" were actions sufficient to bring Furniture Retailers within the jurisdiction of the trial court pursuant to N.C. Gen. Stat. § 1-75.4(5)(d).

Because I would hold both GreenSky's and Furniture Retailers's actions were sufficient to bring them within the jurisdiction of the trial court pursuant to N.C. Gen. Stat. § 1-75.4(5)(c) and (d), respectively, I turn to the second step of the jurisdictional analysis: "whether due process of law would be violated by permitting the courts of this jurisdiction to exercise [*in personam* jurisdiction] over defendant[s]." *Dillon*, 291 N.C. at 676, 231 S.E.2d at 631.

## B. Due Process

"[T]he test to determine if a corporation may be subjected to *in personam* jurisdiction in a foreign forum depends upon whether maintenance of the suit in the forum offends 'traditional notions of fair play and substantial justice.' " *Id.* at 678, 231 S.E.2d at 632 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 2d 95, 102 (1945)).

In each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a non-resident defendant will not suffice. *This relationship between the defendant and the forum must be such that he should reasonably anticipate being haled into court there.*

*Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (internal citation and quotation omitted) (emphasis supplied).

ROSSETTO USA, INC. v. GREENSKY FIN., LLC

[191 N.C. App. 196 (2008)]

## 1. GreenSky

Here, the record on appeal shows that GreenSky sent payments to Rossetto on behalf of Eclectic and contacted Rossetto by telephone on several occasions. This evidence, standing alone, is insufficient "competent evidence to support [the trial court's] presumed finding[]" that GreenSky "purposefully avail[ed] [itself] of the privilege of conducting activities within [North Carolina] . . . ." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 218; *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786; *see also Tejal Vyas, LLC v. Carriage Park Ltd. P'ship*, 166 N.C. App. 34, 40, 600 S.E.2d 881, 887 (2004) (affirmed trial court's grant of the defendants' motions to dismiss for lack of personal jurisdiction when the "[d]efendants' contacts were to mail [a] brochure and place a telephone call to [the] plaintiffs' attorney in North Carolina, at [the] plaintiffs' request[]"), *aff'd per curium*, 359 N.C. 315, 608 S.E.2d 751 (2005); *Corbin Russwin, Inc. v. Alexander's HDWE., Inc.*, 147 N.C. App. 722, 728, 556 S.E.2d 592, 597 (2001) ("Other than [four] payments [sent to North Carolina], we find nothing else to indicate that [the defendant] purposely availed itself of the benefits and protections of the laws of North Carolina. This contact is too tenuous to avoid offending 'traditional notions of fair play and substantial justice.' "); *Bank*, 30 N.C. App. at 176, 226 S.E.2d at 530 (citations omitted) ("The mere mailing of a payment from outside the State by a nonresident to a party in this State under a contract made outside the State is not sufficient 'contacts' within this State to sustain *in personam* jurisdiction in the forum State.").

Following the precedents above, GreenSky's payments and telephone communications alone are insufficient to hale GreenSky into court in North Carolina. *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786. GreenSky has committed no act to "purposefully avail[] [itself] of the privilege of conducting activities within [North Carolina] . . . ." *Id.* I would hold that the trial court erred when it denied GreenSky's motion to dismiss pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure for lack of *in personam* jurisdiction. *Dillon*, 291 N.C. at 676, 231 S.E.2d at 631.

## 2. Furniture Retailers

Here, evidence before the trial court and in the record on appeal shows: (1) Furniture Retailers "had taken over or otherwise began to operate, control or assume the business of Eclectic[]" when it "took possession of the furniture upon delivery[]" and (2) Rossetto invoiced

ROSSETTO USA, INC. v. GREENSKY FIN., LLC

[191 N.C. App. 196 (2008)]

Furniture Retailers for the goods prior to Furniture Retailers's acceptance of delivery. This evidence constitutes "competent evidence to support [the trial court's] presumed finding[]" that Furniture Retailers "purposefully avail[ed] [itself] of the privilege of conducting activities within [North Carolina] . . . ." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 218; *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786; N.C. Gen. Stat. § 1-75.4(5)(d). Furniture Retailers could "reasonably anticipate being haled into court . . . ." in North Carolina once it accepted delivery of furniture shipped and invoiced to it by Rossetto from North Carolina after it "t[ook] over or otherwise began to operate, control or assume the business of Eclectic." *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786.

The trial court properly denied Furniture Retailers's motion to dismiss pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. The majority's opinion reversing the trial court's ruling is erroneous. *Id.*

### III.  Conclusion

Under the first step of the jurisdictional analysis, both GreenSky's and Furniture Retailers's actions were sufficient for the trial court to exercise jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4(5)(c) and (d), respectively. The record on appeal does not contain "competent evidence to support [the trial court's] presumed findings[]" to deny GreenSky's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 218; *see Tejal Vyas, LLC*, 166 N.C. App. at 40, 600 S.E.2d at 887; *Corbin Russwin, Inc.*, 147 N.C. App. at 728, 556 S.E.2d at 597; *Bank*, 30 N.C. App. at 176, 226 S.E.2d at 530. The trial court's denial of GreenSky's motion to dismiss should be reversed.

The record on appeal contains "competent evidence to support [the trial court's] presumed findings[]" to deny Furniture Retailers's Rule 12(b)(2) motion to dismiss. *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 218; *see Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786. The trial court's denial of Furniture Retailers's motion to dismiss should be affirmed. The majority's opinion is erroneous on both rulings. I respectfully dissent.